UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Richard Wansker

    v.                              Civil No. 06-cv-171-JD
                                      Opinion No. 2007 DNH 056

Target Corporation

O R D E R

Richard Wansker slipped and fell in the men's restroom in a Target store in Salem, New Hampshire. As a result of the fall, Wansker broke his ankle, which caused complications that led to amputation of his leg. He brought suit in state court against Target Corporation, alleging that the store's negligence caused his fall, and Target removed the case to this court. Target moves for summary judgment, and Wansker objects.

Discussion

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Under New Hampshire law,

'owners and occupiers of land shall be governed by the test of reasonable care under all the circumstances in the maintenance and operation of their property.'" Simpson v. Wal-Mart Stores, Inc., 144 N.H. 571, 574 (N.H. 1999) (quoting Oulette v. Blanchard, 116 N.H. 552, 557 (1976)).

Target contends that Wansker cannot prove his negligence claim because no evidence exists that Target breached its duty of reasonable care. Specifically, Target contends that no evidence exists that the Salem store was aware of wet paper towels on the floor in the restroom. Target asserts, supported by record evidence, that the Salem store had an hourly inspection policy for the restrooms. On the day of Wansker's accident, the inspector found paper towels in the area where Wansker slipped and fell at 4:00 p.m. and again at 5:30 p.m. On both occasions the inspector cleaned up the area. Nevertheless, "'[d]uring checks throughout the remainder of the evening, [the inspector] found paper towels and/or toilet paper on the floor on each occasion.'" Def. Mem. at 7 (quoting Guest Incident Report).

Target's evidence, even without additional evidence from Wansker, shows that the Salem store was aware that paper towels accumulated on the floor in the restroom. The store also knew that the towels accumulated rapidly between inspections. Target documents that the restroom was not inspected on the hourly basis

that its policy required on the day when Wansker slipped at about 5 p.m.  Whether the store's inspection and clean-up system was a reasonable response to the known paper towel hazard is a factual issue that must be resolved by a jury.

In addition, Target asserts that no evidence exists that the design of the restroom contributed to cause an accumulation of wet paper towels on the floor.  Wansker, however, offers the opinion of his expert witness, David C. Cowen, AIA, who states that the restroom was designed in such a way that patrons had to walk from the sinks across the room to the paper towel dispenser.  As a result, Cowen states, dripping water from the patrons' hands would accumulate on the floor, creating a dangerous condition.  Cowen also states that the dangerous design could have been corrected by moving the paper towel dispensers close to the sinks.  Therefore, a jury question exists as to whether the design of the restroom contributed to the hazard that caused Wansker's injury.

Based on the record presented, disputed factual issues exist in this case and, therefore, summary judgment is not appropriate.

Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 12) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 19, 2007

cc: Meredith M. Lasna, Esquire
    Sean J. Milano, Esquire
    Peter J. Perroni, Esquire